PEARSON, J.
The case presents a very interesting question, and we have given to it much consideration, wjpfch a view, if possible, to “ mark the line ” dividing the right of navigation, and the right of fishing. Roth rights exist, not as private rights, depending on grant or riparian ownership, but as rights in common, to which one citizen is entitled as well as another. The right of navigation is paramount, because it is of most importance to the “ public weal.” The difficulty is, to lay down a rule by which to allow the free and full exercise of this paramount right, in such a way as to leave room for the other right to stand on, except as a mere matter of sufferance.
Unless the line can be marked distinctly, it is better to have no line at all; otherwise, there will be an infinity of law suits growing out of these conflicting interests.
We have concluded, that the line made by law is a very broad one, and that, in fact, the fishing interest has no ground to stand on, except as a matter of sufferance.
The ownership of the land lying near the water-course confers no right; for that stops at high-water mark, leaving the water and the beach, between high and low-water mark, for a public highway. The State has not, as. the sovereign, made any special grant of the right to fish to the plaintiffs, so they stand like any other citizen, and have a right to catch as many fish as they can, like the rest of us. CollinS v. Benbury, 5 Ired., 119. Note the distinction. In the cases cited from the English books, the right of fishing is specially granted by the crown.
*307 It is argued, that it never would do to require a steamboat, or other vessel, to stop or go out of the way, in order to avoid a set-net or seine, because, if obliged to stop for one, they may be obliged to stop for a thousand, and there would» be ^no getting along.
But, it is contended, that the defendant had no right to come to the bank, at the time and place he did, and is therefore bound to pay all of the damage that resulted from the fact of his doing so. Thus, the question is|,had the defendant a right to come to the bank at the time and place he did ? He says that, by reason of the paramount right of navigation, he had a right to come to the bank at any time, and at any place, when and where there was a bona fide necessity for him to do so, in the pursuit of his vocation; that, in this particular instance, without any wantonness or malice, he did only so much as his business required him to do, and took pains to avoid doing any unnecessary damage to the plaintiff.
The fact that the defendant acted without wantonness or malice, is conceded, and there is no allegation that he did any unnecessary damage; but the gravamen of the plaintiffs is, that no skill or care could have brought the boat in without doing damage to the seine, and therefore, it was in contemplation of law, negligence and wrongful, for the defendant to attempt to do it. So we come fairly to the issue; must a steamboat stop until a seine can be drawn out of the way, or has the boat a right to go to the bank at any time, and at any place, when there is a “ bona fide” necessity for doing so, to take in freight or passengers, doing no unnecessary damage ?
We have come to the conclusion, that this is the only line that can be established. A boat on a navigable stream has a right to “take her course,” and to go to the bank, when and where it is necessary to do so — doing no unnecessary damage, and acting without wantonness or malice; and is not obliged to stop or go out of her way, or wait upon the movements of those who are managing a seine or net, which they are permitted to use by *308 tbe sufferance of tbe sovereign, and not as a right conferred by grant. This is tbe only line that can be established, plain enough for practical purposes. There must be no wantonness or malice — no unnecessary damage, but a bona fide exercise of the paramount right of navigation.
There is error. Venire de novo.